UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA KARTALYAN,

Petitioner,

v. Case No: 8:26-cv-02224-JLB-GDP

STATE OF FLORIDA,

Respondent.
_______________________________________/

**ORDER**

On July 31, 2026, Petitioner Rita Kartalyan initiated this case by filing her Notice of Supplemental Facts in Support of Petition for Writ of Mandamus and Emergency Motion to Stay (Doc. 1) in federal court. From Petitioner's filings, the Court understands that Petitioner seeks federal review of the constitutionality of her Florida state court prosecution, certain evidentiary matters, and her appointed legal representation. (*See* Docs. 1-2, 7). Ultimately, Petitioner requests that the Court dismiss her Florida state court prosecution with prejudice or, in the alternative, that her criminal case be removed to federal court and that some form of federal relief be offered to her. (Doc. 7). Such relief is not appropriate under the facts of this case.

First, dismissal of this case is proper because Petitioner, who is not in state custody (*see* Doc. 12), failed to either pay the required federal filing fee or move to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a) (requiring those initiating a

federal lawsuit to pay a filing fee); 28 U.S.C. 1915(a) (permitting persons who are not in custody to file motions to proceed *in forma pauperis*); *see also Myers v. City of Naples, Fla.*, No. 23-13073, 2024 WL 4691100, at *2 (11th Cir. Nov. 6, 2024) (affirming the dismissal of an unrepresented, non-prisoner litigant's complaint for failure to contemporaneously pay the filing fee or move in forma pauperis).

Moreover, even if Petitioner had paid the filing fee or moved to proceed *in forma pauperis*, dismissal of this case would be proper based on the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 43–53 (1971). "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citation omitted). "*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id.*

Here, the Court must abstain from this case. Clearly, Petitioner seeks review of a pending state court judicial proceeding. (*See* Doc. 7, 12). Moreover, Petitioner's state court case involves the State of Florida's important interest in exercising its police powers. *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (citing *Younger*, 401 U.S. at 44) (recognizing a state's "important . . . interest in the enforcement of its criminal laws"); *Johnson*, 32 F.4th at 1099 (recognizing that "a state's criminal prosecution implicates important interests concerning the state's police power.").

Finally, as Petitioner's concurrent attempts to obtain relief from Florida state courts demonstrate (*see* Doc. 1), Petitioner may obtain the relief she seeks in state court. *See 31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (citation omitted) (noting that a federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary").

In short, "the long-held *Younger* abstention doctrine at its most applicable -- when a party urges a federal court to enjoin a pending state criminal case." *Johnson*, 32 F.4th at 1101. That is what Petitioner urges here, so dismissal is proper.

Accordingly, it is **ORDERED** that:

1. Petitioner's Notice of Supplemental Facts in Support of Petition for Writ of Mandamus and Emergency Motion to Stay (Doc. 1) is **DISMISSED without prejudice**. Should Petitioner wish to proceed with her claims at a time when abstention doctrines would not apply, she may file another complaint under a separate case number that is accompanied by the required filing fee or a signed long-form

application to proceed without prepaying fees or costs (available at www.uscourts.gov/sites/default/files/ao239_1.pdf).

2. The Clerk of Court is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**ORDERED** in Tampa, Florida, on September 18, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE